**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DON BRIEGER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 06 C 1882 |
| TELLABS, INC.; TELLABS OPERATIONS, IND.; RICHARD C. NOTEBAERT; MICHAEL J. BIRCK, and JAMES A. DITE, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This case is a putative class action for breach of fiduciary duty under the Employee Retirement Income Security Act. The named plaintiff, Don Brieger, alleges that he participated in the Tellabs, Inc. Profit Sharing and Savings Plan from December 2000 through July 1, 2003. Brieger alleges that the defendants, who are claimed to be fiduciaries of the Plan, breached their fiduciary obligations by permitting investments in Tellabs securities when it was imprudent to do so and by disseminating misleading information to Plan participants about the prudence of investing in Tellabs securities.

Brieger asked the Court to make a finding that two related other cases in which similar claims are made are related cases within the meaning of N.D. Ill. LR 40.4(a) that ought to be assigned to a single judge pursuant to N.D. Ill. LR 40.4(b). Defendants agreed with that particular contention. The Court made the requested finding, and the two other cases (*Becker v. Tellabs, Inc.,* Case No. 06 C 1900, and *Burstin v. Tellabs, Inc.,* Case No. 06 C 2002) were

reassigned to our docket pursuant to the Local Rule.

Defendants have asked the Court to reassign all three cases to Judge Amy St. Eve because they are related to a case that was previously pending before her, *Johnson v. Tellabs, Inc.,* Case No. 02 C 4356. In *Johnson,* the plaintiffs, a putative class of persons who purchased Tellabs securities, alleged that the defendants defrauded them regarding the true value of Tellabs stock. Judge St. Eve dismissed the *Johnson* case for failure to state a claim, applying the heightened pleading standards of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b). In the course of presiding over the *Johnson* case, Judge St. Eve issued two extensive decisions applying the PSLRA's standards to the plaintiffs' allegations and assessing whether Tellabs' projections fell within the PSLRA's "safe harbor" provisions; whether the plaintiffs had offered particularized facts to support their misrepresentation claims; and whether the plaintiffs had adequately alleged the level of intent necessary to make out violations of the securities laws. *See Makor Issues & Rights, Ltd. v. Tellabs, Inc.,* 437 F.3d 588 (7th Cir. 2006) (discussing district court's rulings). There is no question that Judge St. Eve put extensive time and effort into understanding the representations alleged by the plaintiffs in the *Johnson* case and assessing whether the claims in that case met the requirements of the PSLRA.

The Seventh Circuit reversed Judge St. Eve's dismissal of the complaint in *Johnson*; the case remains before that court because of the pendency of a petition for rehearing *en banc*. If that petition is denied, presumably there is a possibility the defendants will petition the Supreme Court for a writ of certiorari. If the petition for rehearing *en banc* is granted, then the case will remain before the Court of Appeals while awaiting reargument and issuance of an *en banc* decision. Unless the panel decision reversing the dismissal of the complaint is overturned,

the *Johnson* case ultimately will be remanded and will again be on Judge St. Eve's docket. At this point, however, it is not clear when that will occur.

Defendants's motion for reassignment of the ERISA cases to Judge St. Eve is premised on N.D. Ill. IOP ("Internal Operating Procedure") 13(d), which states that if two or more judges agree that reassignment of a case to one of them will allow the case to be administered more efficiently and will save judicial time, they may ask the Executive Committee to reassign the case. Defendants contend that both the present ERISA cases and *Johnson* contain common issues of fact in that they are both based on allegations of concealment of information allegedly material to the value of Tellabs securities and that because Judge St. Eve devoted substantial time to understanding the matter in dealing with the motions to dismiss in *Johnson,* having her handle the present ERISA cases "will save significant judicial time and effort." Defs' Mot. to Transfer ¶ 7. Brieger and the plaintiffs in the other ERISA cases have objected to defendants' motion.

The Court denies defendants' motion. First of all, IOP 13(d) does not confer any rights on litigants. *See* IOP Intro. at 1. But more importantly, the fact that Judge St. Eve put extensive time and effort into dealing with the motions to dismiss in the *Johnson* case does not suggest any efficiency would result from reassigning the present cases to her. Though defendants are correct that the *Johnson* case and the present cases have an overlapping factual predicate, the PSLRA pleading issues that Judge St. Eve dealt with in her two decisions in *Johnson* have no bearing on the present cases, which are brought pursuant to ERISA, not under the securities laws. If motions to dismiss are made in the present cases, they will be assessed under completely different, and more relaxed, standards. Because the *Johnson* cases never proceeded beyond the

pleading stage, the fact that Judge St. Eve spent significant time on that case does not suggest that she will be able to administer the present cases any more efficiently than this Court. Thus even if IOP 13(d) conferred some implied rights on the defendants, it would not warrant reassignment of this case to Judge St. Eve.

If and when the *Johnson* case is remanded to the trial court, it is likely that there will be a significant amount of discovery in that case and the present ERISA cases that will overlap – as well as some discovery that will not overlap. At that point, depending upon the stage that the present cases have reached, it may well make sense to coordinate the discovery in *Johnson* and the ERISA cases. Such coordination may, however, be accomplished by agreement of the parties without the need for reassignment of the ERISA cases. And even if having these cases and *Johnson* assigned to the same judge to coordinate the discovery is considered appropriate at that point, in this Court's view that would not call for reassignment of the ERISA cases in their entirety and consolidation of them with *Johnson,* the relief sought by the defendants. Defendants do not contend, nor could they credibly, that the legal issues on which the merits of *Johnson* and the ERISA cases will turn are common to all the cases. Thus they are not susceptible to disposition in a single proceeding, a requirement for reassignment under the related-case rule. *See* N.D. Ill. LR 40.4(b)(4). The fact that there is a good deal of common discovery in the cases would not, in this Court's view at least, call for departing from the norm in this District – assignment of cases by lot. *See* N.D. Ill. LR 40.1(a). Rather, the appropriate course, assuming coordinated discovery is considered appropriate, would be reassignment for purposes of discovery coordination only, pursuant to N.D. Ill. IOP 13(e).

## Conclusion

For the reasons stated above, the Court denies defendants' motion to transfer and consolidate [docket no. 12].

```
                                      _____
                                           MATTHEW F. KENNELLY
                                           United States District Judge
```

Date:   June 8, 2006