### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DON BRIEGER, ROBERT BECKER, ALAN BURSTIN, HARRY SCHULTZ, and PAULA MITCHELL, Individually and On Behalf of All Others Similarly Situated, ) ) ) ) | |
| ) | Case No. 1:06-cv-1882 |
| Plaintiffs, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | |
| TELLABS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' BILL OF COSTS

**BARROWAY TOPAZ KESSLER, MELTZER & CHECK, LLP**
Edward W. Ciolko
Peter A. Muhic
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706

**HARWOOD FEFFER LLP**
Robert I. Harwood
Matthew M. Houston
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400

**THE WEISER LAW FIRM P.C.**
Robert B. Weiser
Brett D. Stecker
Debra S. Goodman
121 North Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: (610) 225-2677

*Counsel for Plaintiffs*

**LASKY & RIFKIND, LTD**
Leigh R. Lasky, Esq.
Norman Rifkind, Esq.
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60610
Telephone: (312) 634-0057

*Liaison Counsel for Plaintiffs*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

ARGUMENT ...................................................................................................... 2

I.     29 U.S.C. §1132(g) Provides The Framework For Consideration Of Any Award Of Costs In This Action ......................................................... 2

        A.     The Seventh Circuit Has Recognized that 29 U.S.C. §1132(g)(1) Prevails Over FED. R. CIV. P. 54(d)(1) in Awarding Litigation Costs in ERISA Matters ............................................................... 2

        B.     Defendants are not Entitled to Any Award of Costs Under ERISA's Cost Shifting Provision ........................................................... 4

II.     Defendants' Bill Of Costs Includes Non-compensable Expenses ..................... 8

        A.     Electronic Discovery ........................................................... 9

        B.     Trial Transcripts ................................................................ 12

        C.     Documents Used in Deposition Preparation ....................................... 13

        D.     Demonstrative Trial Exhibits ............................................... 14

III.     Shared Electronic Discovery With Securities Action ..................................... 15

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American Auto. Accessories v. Fishman,*
   991 F. Supp. 995 (N.D. Ill. 1998) ............................................................................... 13, 14

*Anderson v. Flexel, Inc.,*
   47 F.3d 243 (7th Cir. 1993) ............................................................................................ 3, 5

*BDT Prods. v. Lexmark Int'l, Inc.,*
   405 F.3d 415 (5th Cir. 2005) ............................................................................................ 10

*Bittner v. Sadoff & Rudoy Indus.,*
   728 F.2d 820 (7th Cir.1984) ..................................................................................... 1, 3, 5

*Bloch v. Frishholz,*
   No. 06-CV-4472, 2008 WL 4889091 (N.D. Ill. June 26, 2008) ...................................... 12

*Bowerman v. Wal-Mart Stores, Inc.,*
   226 F.3d 574 (7th Cir. 2000) .............................................................................................. 3

*Brown v. McGraw-Hill Cos.,*
   526 F. Supp. 2d 950 (N.D. Iowa 2007) ............................................................................. 10

*Carey v. Jorgensen,*
   No. 06-CV-0578, 2007 WL 5581704 (W.D. Wis. March 20, 2007) .................................. 8

*Crawford Fitting Co. v. J. T. Gibbons, Inc.,*
   482 U.S. 437 (1987) ............................................................................................................. 9

*Fells v. Va. DOT,*
   605 F. Supp. 2d 740, 743 (E.D. Va. 2009) ................................................................ 10, 11

*Giardono v. Jones,*
   867 F.2d 409 (7th Cir. 1989) .............................................................................................. 5

*Glenayre Elecs., Inc. v. Jackson,*
   No. 02-CV-0256, 2003 WL 21947112 (N.D. Ill. Aug. 8, 2003) .............................. 12, 13, 14

*Glennie v. Abitibi-Price Corp.,*
   No. 94-CV-0025, 1996 WL 495573 (W.D. Mich. June 7, 1996) ........................................ 4

*Gray v. Burke,*
   No. 05-CV-0059, 2007 WL 3334201 (N.D. Ill. Nov. 9, 2007) ......................................... 12

*Haberman v. Gerber Prods. Co.*,
   No. 05-CV-0224, 2006 WL 5893296 (W.D. Wis. July 26, 2006)........................................ 14

*Harley v. 3M*,
   No. 4-96-488, 2003 WL 22283345 (D. Minn. Sept. 23, 2003) ............................................... 4

*Hecker v. Deere*,
   556 F.3d 575 (7th Cir. 2009) ...................................................................................... 3, 9, 11

*Heil v. Midwest Operating Engineers Health and Welfare Fund*,
   No. 92-CV-4337, 1994 WL 86105 (N.D. Ill. March 14, 1994)............................................... 8

*Herman v. Cent. States*,
   423 F.3d 684 (7th Cir. 2005) ................................................................................................... 8

*Higbee v. Sentry Ins. Co.*,
   No. 97-CV-1349, 2004 WL 1323633 (N.D. Ill. June 11, 2004) (Kennelly, J.)..................... 12

*Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*,
   No. 00-CV-7620, 2004 WL 557388 (N.D. Ill. Mar. 22, 2004) ............................................ 14

*Irwin Seating Co. v. IBM*,
   No. 04-CV-0568, 2008 WL 1869055 (W.D. Mich. Apr. 24, 2008) ..................................... 12

*Keach v. U.S. Trust Co., N.A.*,
   338 F.Supp.2d 931 (C.D. Ill. 2004)....................................................................... 3, 4, 5, 7

*Krueger Int'l, Inc. v. Blank*,
   225 F.3d 806 (7th Cir. 2000) ................................................................................................... 8

*Lessard v. Applied Risk Mgmt.*,
   No. 99-CV-3371, 2001 WL 34033100 (N.D. Cal. May 23, 2001)......................................... 4

*Little v. Cox's Supermarkets*,
   71 F.3d 637 (7th Cir. 1995) ................................................................................................. 3, 4

*Ludlow v. Advo-Systems Disability Income Plan*,
   No. 03-CV-4964, 2004 WL 2492885 (N.D. Cal. Nov. 5, 2004) ............................................ 4

*Makor Issues & Rights, LTD et al., v. Tellabs, Inc., et al.*,
   No. 02-CV-4356 (N.D. Ill.) ............................................................................................. 2, 14

*Marquardt v. North American Car Corp.*,
   652 F.2d 715 (7th Cir. 1981) ............................................................................................ 3, 4, 5

*Meredith v. Navistar Intern. Transp. Corp.*,
   935 F.2d 124 (7th Cir. 1991) ................................................................................................... 8

*Mogck v. Unum Insurance Co. of America,*
    No. 99-CV-0201, 2001 WL 34084379 (S.D. Cal. Jan. 8, 2001) ............................ 4

*Nichol v. Pullman Standard, Inc.*
    889 F.2d 115 (7th Cir. 1989) ................................................................... 1, 3, 8

*Pactiv Corp. v. S.C. Johnson & Son, Inc.,*
    No. 98-CV-2679, 2001 U.S. Dist. LEXIS 3085 (N.D. Ill. Mar. 12, 2001) .......................... 14

*Pasternak v. Radek,*
    No. 07-CV-2858, 2008 WL 2788551 (N.D. Ill. April 3, 2008) ......................................... 3, 4

*Quinn v. Blue Cross and Blue Shield Ass'n,*
    161 F.3d 472 (7th Cir. 1998) ................................................................... 5

*Ridings v. Riverside Med. Ctr.,*
    No. 05-CV-2134, 2007 WL 924020 (C.D. Ill. March 26, 2007)........................................ 10

*Riley v. UOP, LLC,*
    258 F. Supp. 2d 841 (N.D. Ill. 2003) ................................................................ 13

*Rivera v. Benefit Trust Life Ins. Co.,*
    921 F.2d 692 (7th Cir. 1991) ................................................................... 5

*Teumer v. General Motors Corp.,*
    No. 92-CV-1855, 1994 WL 48581 (N.D. Ill. Feb 14, 1994)............................................ 3, 8

*Valmet Paper Mach. v. Beloit Corp.,*
    No. 93-CV-0587, 1995 WL 661241 (W.D. Wis. Aug. 15, 1995) ........................................ 13

*Williams v. Aetna Life Ins. Co.,*
    No. 04-CV-6228, 2006 WL 2794969 (N.D. Ill. Sept. 28, 2006)........................................ 8

*Windy City Innovations, LLC v. Am. Online, Inc.,*
    No. 04-CV-4240, 2006 WL 2224057 (N.D. Ill. July 31, 2006) .................................... 11, 12

*Winniczek v. Nagelberg,*
    400 F.3d 503 (7th Cir. 2005) ................................................................... 9

*Zeidler v. A & W Rest., Inc.,*
    No. 99-CV-2591, 2001 WL 561367 (N.D. Ill. May 21, 2001) (Kennelly, J.)....................... 12

## FEDERAL STATUTES

28 U.S.C. § 1920................................................................................. 2, 9, 10, 14

29 U.S.C. § 1132(a) ...........................................................................................................5

29 U.S.C. § 1132(g) ...................................................................................................passim

29 U.S.C. § 1132(g)(1)................................................................................................ 1, 2, 3, 4

Employee Retirement Income Security Act of 1974 ("ERISA") ....................................passim

**RULES**

FED. R. CIV. P. 54............................................................................................................passim

Plaintiffs Don Brieger, Robert Becker, Alan Burstin, Harry Schultz, and Paula Mitchell ("Plaintiffs"), through their undersigned counsel, respectfully submit this memorandum in opposition to Defendants' bill of costs ("Bill of Costs") submitted on June 29, 2009 with an accompanying memorandum of law. [1]

## INTRODUCTION

Defendants claim to have incurred in excess of $1.5 million in taxable expenses during the pendency of this litigation and seek to recoup these costs from Plaintiffs -- current and former Tellabs employees -- pursuant to FED. R. CIV. P. 54(d)(1) ("Rule 54").  Defendants are not entitled to recover these expenses.  Rule 54 expressly provides that if a federal statute provides for allocation of costs to a prevailing party in an action, then Rule 54 itself cannot be invoked by the prevailing party.  *See* FED. R. CIV. P. 54(d).  In this litigation, Plaintiffs' brought their claims pursuant to §§ 409, 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132, which *independently* addresses payment of litigation costs to a prevailing party.   Accordingly, Rule 54, pursuant to which Defendants submit their Bill of Costs, does not apply; instead, ERISA's § 502(g)(1);  29 U.S.C. § 1132(g)(1) applies.  *See, e.g., Nichol v. Pullman Standard, Inc.* 889 F.2d 115, 121 (7th Cir. 1989).

Under the cost shifting analysis of § 1132(g), Defendants' Bill of Costs must be denied if Plaintiffs' claim is substantially justified even if not meritorious; the claim simply must not have been brought to harass.  *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 828 (7th Cir.1984).  Here, under § 1132(g)(1), Defendants' Bill of Costs should be denied *in toto* because it is

---

[1] Defendants' Memorandum of law in support of the Bill of Costs is cited herein as "Defs' Mem." or "Defendants' Memorandum."

beyond doubt that Plaintiffs' action was brought in good faith and was substantially justified. This was a hard-fought case that concluded with a full trial on the merits. Along the way, Plaintiffs prevailed on practically every significant motion, obtaining numerous favorable decisions at the pleadings, class certification, discovery and summary judgment stages of the case. Clearly, this was a case with a solid basis and not simply brought to harass Defendants.[2]

Nonetheless, even if the Court were to find that Plaintiffs' action was not asserted in good faith and was not substantially justified, the proposed Bill of Costs must be denied since the overwhelmingly majority of the costs listed thereon are non-taxable under 28 U.S.C. § 1920. Moreover, the proposed Bill of Costs contains insufficient explanations as to a number of costs incurred in connection with the related securities class action currently pending against Defendants which cannot be taxed to Plaintiffs here.

For the foregoing reasons, and as explained in greater detail below, this Court should deny the Defendants' Bill of Costs.

## ARGUMENT

I.    **29 U.S.C. §1132(g) Provides The Framework For Consideration Of Any Award Of Costs In This Action**

A.    **The Seventh Circuit Has Recognized that 29 U.S.C. §1132(g)(1) Prevails Over FED. R. CIV. P. 54(d)(1) in Awarding Litigation Costs in ERISA Matters**

Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." ERISA is a federal statute that provides otherwise. ERISA has a cost-shifting provision that states "[i]n

---

[2] It bears mentioning that the securities litigation brought against Tellabs and many of the same individuals named in this action, and based on some of the same underlying facts in this matter, is on-going. *See Makor Issues & Rights, LTD et al., v. Tellabs, Inc., et al.,* No. 02-CV-4356 (N.D. Ill.)

any action under this title . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  Because § 1132(g)(1) expressly provides a cost-shifting provision, the Seventh Circuit, and courts within the Circuit, utilize § 1132(g)(1), and not Rule 54(d)(1) when considering the potential award of costs in ERISA-based actions.[3]  *See Nichol*, 889 F.2d at 121 (holding that § 1132(g)(1) included an "express provision" governing the award of costs, and thus overrode the standard Rule 54(d) approach); *see also Keach v. U.S. Trust Co., N.A.*, 338 F.Supp.2d 931, 934 (C.D. Ill. 2004) (finding that "the more in-depth and persuasive analysis stems from the cases applying standards for assessing costs pursuant to § 1132(g) [rather than FED. R. CIV. P. 54(1)]").

Additionally, the Seventh Circuit has applied § 1132(g)(1)'s discretionary cost-shifting approach to the award of costs in a number of other ERISA actions, without even discussing ERISA's interaction with Rule 54(d).  *See, e.g.*, *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592 (7th Cir. 2000); *Little v. Cox's Supermarkets*, 71 F.3d 637 (7th Cir. 1995); *Anderson v. Flexel, Inc.*, 47 F.3d 243 (7th Cir. 1993); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820 (7th Cir.1984); *Marquardt v. North American Car Corp.*, 652 F.2d 715, 717 (7th Cir. 1981).[4] District courts within the Seventh Circuit have also applied § 1132(g)(1) without discussing the statute's interaction with Rule 54(d).  *See, e.g., Pasternak v. Radek*, No. 07-CV-2858, 2008 WL 2788551 (N.D. Ill. April 3, 2008) (Kennelly, J.) (awarding the prevailing plaintiffs costs pursuant to § 1132(g)); *Teumer v. General Motors Corp.*, No. 92-CV-1855, 1994 WL 48581 (N.D. Ill.

---

[3]   It is telling that ***nowhere*** in Defendants' brief do they discuss the interaction between § 1132(g) and Rule 54.  In fact, the only ERISA case Defendants rely heavily on to support the determination of the Bill of Costs under Rule 54 is *Hecker v. Deere*, 556 F.3d 575 (7th Cir. 2009).  Defendants' reliance on *Hecker* is misplaced, however, as discussed in detail below, because *Hecker* did not discuss the applicability of § 1132(g).

[4]

Feb 14, 1994) ("Rule 54(d) does not control here [because] ERISA has its own 'express provision' for costs.")[5]

## B.   Defendants Are Not Entitled to Any Award of Costs Under ERISA's Cost Shifting Provision

Section 1132(g) of ERISA provides a different standard for judicial consideration of costs than FED. R. CIV. P. 54.   Under § 1132(g) the court utilizes a discretionary consideration of costs rather than the presumptive standard of Rule 54.   *Keach,* 338 F. Supp.2d at 934.   Further, "[a]lthough, under [§ 1132(g)], 'there is a 'modest presumption' in favor of awarding fees to the prevailing party … that presumption may be rebutted.'" *Pasternak*, 2008 WL 2788551, at * 2.   This presumption is easily overcome where a court concludes that the action was brought in "good faith" and was "substantially justified." *Keach,* 338 F. Supp. 2d at 935.   In *Marquardt*, the Seventh Circuit stated, "[w]e emphasize, however, that refusal to award attorneys' fees and costs to ERISA defendants, even "prevailing" defendants, would rarely constitute an abuse of discretion." 652 F.2d at 719; *Little*, 71 F.3d at 644 (7th Cir. 1995).[6]

---

[5] The applicability of § 1132(g)(1)'s discretionary cost-shifting approach is also supported by decisions from numerous district courts across the country.   *See, e.g., Harley v. 3M*, No. 4-96-488, 2003 WL 22283345, at *1 (D. Minn. Sept. 23, 2003) ("Although [Defendant] insists that ERISA does not supersede FED. R. CIV. P. 54(d)(1), the plain language of the Rule indicates that the specific statutory provision for a cost award in ERISA displaces the general rule allowing costs as a matter of course"); *see also, Lessard v. Applied Risk Mgmt.*, No. 99-CV-3371, 2001 WL 34033100, at *7 (N.D. Cal. May 23, 2001) (holding that "because § 1132(g)(1) expressly grants the Court the discretion to award or not award costs to either party, it trumps Rule 54(d)'s presumption in favor of an award of costs for the prevailing party"); *Ludlow v. Advo-Systems Disability Income Plan*, No. 03-CV-4964, 2004 WL 2492885, at *1 (N.D. Cal. Nov. 5, 2004) (same); *Mogck v. Unum Insurance Co. of America*, No. 99-CV-0201, 2001 WL 34084379, at *1 (S.D. Cal. Jan. 8, 2001) (same); *Glennie v. Abitibi-Price Corp.*, No. 94-CV-0025, 1996 WL 495573, at *1 (W.D. Mich. June 7, 1996) (same).

[6] The *Marquardt* court recognized that an award of fees and costs may discourage frivolous

The Seventh Circuit recognizes two tests for determining whether a prevailing party is entitled to costs under § 1132(g). The first test, which examines five factors is "oriented toward the case where the plaintiff rather than the defendant prevails and seeks an award." *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 698 (7th Cir. 1991).[7] The second test denies a bill of costs if the subject claims "had a solid basis – more than merely frivolous, but less than meritorious." *Id.*, (citing *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829-30 (7th Cir.1984). "The real question under either test 'is essentially the same: was the losing parties' position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Keach*, 338 F. Supp.2d at 934-35 (quoting *Anderson v. Flexel, Inc.*, 47 F.3d 243, 251 97th Cir. 1995); *Quinn v. Blue Cross and Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998). In this case, the Court should find that Plaintiffs' position was substantially justified and brought in good faith.

By the standards laid out by the Seventh Circuit, this litigation clearly was substantially justified and not frivolous. Defendants' Memorandum presents no evidence or

---

suits but that "it is important not to punish plaintiffs whose actions fail even though they seemed reasonable at the outset." *Id.* at 720. Further as the *Keach* court noted, "it is not difficult to see than an award of the substantial costs sought in this case would likely have a chilling effect on participants in other ERISA plans who reasonably believe that they have meritorious claims and deter them from bringing challenges where the defendants' liability is not a forgone conclusion." *Keach*, 338 F. Supp. 2d at 935. Indeed, "ERISA was enacted by Congress for the purpose of protecting the interests of employees and their beneficiaries in employee benefit plans." *Giardono v. Jones*, 867 F.2d 409, 412 (7th Cir. 1989). Further, private enforcement of the ERISA laws is specifically encouraged in the statute itself. *See, e.g.*, 29 U.S.C. § 1132(a), ERISA § 502(a) (specifically empowering participants and beneficiaries to bring civil actions to redress violations and/or enforce provisions of ERISA).

[7] The five factors are: (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to personally satisfy personally an award of attorneys' fees and costs; (3) whether or not an award of attorneys' fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions. *See Keach*, 338 F. Supp.2d at 934.

argument that Plaintiffs' claims were brought to harass Defendants.  *See Bittner,* 728 F.2d
at 828:

> A frivolous suit, however, is not merely a suit that fails, or
> even a suit that lacks a solid basis – a long shot.  (citation
> omitted).  It is a suit so completely without hope of succeeding
> that the court can infer that the plaintiff brought it to harass the
> defendant rather than to obtain a favorable judgment.

This litigation was far from lacking any hope of success.  Spanning three years, from the

filing of the initial complaint in April 2006 until the completion of trial on May 7, 2009,

this was a hard-fought, complex litigation, the merits of which were compelling.  Indeed, to

the best of Plaintiffs' counsel's knowledge, this was only the third or fourth such ERISA case to

go to trial.  As the Court is well-versed in the factual and procedural background of this

litigation, the same will not be recited here other than to focus on the basis of the instant

Memorandum.  By way of summary, between the filing of the initial complaint and the start

of trial, this Court recognized the merits of Plaintiffs' claims when ruling on multiple

motions, including:

- **September 22, 2006 (Docket # 43).**   The Court denied Defendants' motion to
  dismiss the action or in the alternative, for summary judgment filed on September
  15, 2006 (docket # 40) finding among other things that the motion missed the "thrust
  of the complaint." Tr. of Sept. 22, 2006 Hearing at 2-3 (attached as Ex. A to
  Declaration of Mark K. Gyandoh ("Gyandoh Decl.").

- **February 13, 2007 (Docket # 69).**   The Court denied Defendants' motion for
  summary judgment filed on September 26, 2006 (docket #45).   In denying
  Defendants' motion for summary judgment the Court noted:

  > The Court finds the reasoning in *Smith* persuasive and holds that the former
  > Plan participants in this case have a colorable claim to lost benefits based on
  > defendants' alleged breaches of fiduciary duty.  Because the plaintiffs have at
  > least a colorable claim for benefits, under Seventh Circuit precedent they
  > have standing to sue under ERISA.

Opinion at p. 14.

- **September 19, 2007 (Docket # 106).** The Court granted Plaintiffs' Motion for Class Certification filed on April 10, 2007 (Docket # 83) after extensive briefing. In granting class certification the Court rejected a myriad of Defendants' arguments.

- **March 16, 2009 (Docket # 224).** The Court denied Defendants' motion for summary judgment, filed on February 5, 2009 (Docket # 209), finding that the claims in this case raised material issues of fact. Specifically, the Court held that the facts:

> Illustrate[] that material questions of fact exist as to whether defendants engaged in fraudulent activities, including making material omissions, that concealed their alleged breaches of fiduciary duties. Due to the existence of disputed issues of fact, the Court cannot resolve on a motion for summary judgment whether plaintiffs' claims are timely.

Opinion at p. 2.

In addition to the successful motion practice described above, there were other decisions obtained by Plaintiffs during the pendency of the litigation that were indicative of the strength of Plaintiffs' claims.[8] Plaintiffs here, as in *Keach*, litigated for over three years, successfully defeated motions to dismiss and for summary judgment, yet were ultimately unsuccessful at trial. *Keach*, 338 F. Supp.2d at 934. In denying costs requested by defendants, the *Keach* court noted the history of the case and determined that "while plaintiffs were ultimately

---

[8] For example, on June 8, 2006 (Docket # 33) the Court denied Defendants' motion to transfer the ERISA matter to Judge Amy J. St. Eve; on February 27, 2007 (Docket # 27) the Court granted Plaintiffs' motion to file a second amended consolidated complaint to add a current Plan participant to the Complaint; on April 9, 2008 (Docket # 125) the Court granted Plaintiffs' motion for a protective order to prevent individualized discovery to all class members; on October 7, 2008 (Docket # 165) the Court granted Plaintiffs' motion for protective order to prevent Defendants from deposing three individual absent class members; on October 14, 2008 (Docket # 168) the Court granted Plaintiffs' motions for leave to conduct more than ten depositions and for extension of time to complete fact discovery; on December 19, 2008 (Docket # 188), the Court granted in part Plaintiffs' motion to compel production of documents; on January 28, 2009 (Docket # 205), the Court granted in part Plaintiffs' motion to compel production of documents Defendants classified as privileged.

unsuccessful, their position was not frivolous and had a solid basis." *Id.* at 935.

Had Plaintiffs' case been truly frivolous or without a solid basis, the aforementioned favorable rulings could not have been obtained. *See Nichol*, 889 F.2d at 122 (affirming district court's conclusion that plaintiff was substantially justified because plaintiff's complaint was sufficient to withstand a motion for summary judgment and there was no evidence that the suit was designed merely to harass the defendant); *Herman v. Cent. States*, 423 F.3d 684, 696 (7th Cir. 2005) (affirming district court's conclusion that plaintiff was substantially justified because plaintiff's "lawsuit sought 'resolution of a genuine dispute' and had a reasonable basis in law and fact); *Krueger Int'l, Inc. v. Blank*, 225 F.3d 806, 811 (7th Cir. 2000) (affirming district court's decision to deny attorney's fees to prevailing party because there was "substantial merit in both sides' arguments"); *Meredith v. Navistar Intern. Transp. Corp.*, 935 F.2d 124, 128-9 (7th Cir. 1991) (holding that plaintiff's position was substantially justified although plaintiff "should have known that his chances of achieving a reversal of the district court's factual determinations were slim").[9]

---

[9]    *See also, Carey v. Jorgensen*, No. 06-CV-0578, 2007 WL 5581704, at *2 (W.D. Wis. March 20, 2007) (holding that plaintiff's position was substantially justified because there was a genuine dispute on issues central to the litigation); *Williams v. Aetna Life Ins. Co.*, No. 04-CV-6228, 2006 WL 2794969, at *9 (N.D. Ill. Sept. 28, 2006) (finding that plaintiff's claim was substantially justified because "[two] findings could reasonably have led plaintiff to believe that he might win this suit" and there was no evidence that plaintiff brought the suit to harass the defendants); *Heil v. Midwest Operating Engineers Health and Welfare Fund*, No. 92-CV-4337, 1994 WL 86105, at *2 (N.D. Ill. March 14, 1994) (denying costs despite losing on summary judgment because plaintiff's "position was not entirely groundless or utterly hopeless" and "it was reasonable for plaintiff to believe he had at least a possibility of prevailing on the merits of his case"); *Teumer*, No. 92-CV-1855, 1994 WL 48581, at *1 (despite losing a summary judgment motion, plaintiff's "good faith coupled with his 'substantially justified,' though ultimately unmeritorious, positions in this litigation are sufficient to overcome the 'modest presumption' in favor of costs").

II.    **Defendants' Bill Of Costs Includes Non-compensable Expenses**

Despite the plethora of case law in support of Plaintiffs' position, should the Court find that Plaintiffs' action was not brought in good faith, or substantially justified, and determine some award of costs is appropriate, the $1,572,226.64 Bill of Costs submitted by Defendants must be drastically reduced as it includes a substantial number of non-compensable costs.   In awarding costs, courts are limited to those costs enumerated in 28 U.S.C. § 1920 absent express statutory or contractual authorization directing otherwise.   *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444-5 (1987); *Winniczek v. Nagelberg*, 400 F.3d 503 (7th Cir. 2005). [10]

**A. Electronic Discovery**

In seeking "expenses exceeding $1,425,264.24 due to costs associated with harvesting and retrieving electronic documents," Defendants improperly rely upon the Seventh Circuit's recent decision in *Hecker v. Deere*, 556 F.3d 575 (7th Cir. 2009).   Most notably, *Hecker* did not address the applicability of § 1132(g) over Rule 54.   On that basis alone, Defendants' reliance on *Hecker* is misplaced.

In *Hecker*, the Court noted that "plaintiffs' principal complaint" was that it would be "improper to award [defendant] its costs for document selection, as opposed to document processing." 556 F.3d at 591.   The Court, however, held that the record supported defendant's characterization of the expenses as pertaining to the "conver[sion] [of] computer data into a

---

[10] Specifically, § 1920 allows the award of costs for, among other things: " (1) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (2) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.   Defendants do not argue there is any express statutory or contractual basis to award costs beyond § 1920.

readable format in response to plaintiff's discovery requests" and not pertaining to document selection. [11]  *Id.* The *Hecker* Court, without citation to prior law, then held these costs to be recoverable under § 1920.

Here, the vast majority of Defendants' expenses cannot be shoe-horned into *Hecker*'s "conversion of computer data into a readable format" category because these expenses are plainly "costs for document selection" and do not properly fall within §1920(4)'s exemplification and copying allowance.  In *Fells v. Va. DOT, supra*, the court addressed similar electronic discovery expenses and found that the expenses associated with a "defendant's techniques of processing records, extracting data, and converting files" were non-taxable because defendant's techniques "served to *create* searchable documents, rather that merely *reproduce* documents in electronic form."  605 F. Supp. 2d 740, 743 (E.D. Va. 2009) (emphasis

---

[11] In *Hecker*, plaintiffs simply argued that "[defendant]'s description of 'processing' leads to the conclusion that they spent $141,022 on document 'selection,' which is unrecoverable under § 1920."  *See Hecker's Brief* at 53-54. Docket #10, Nos. 07-3605, 08-1224 (7th Cir. Mar. 7, 2008) (attached to Gyandoh Decl. as Exhibit D).  In reply, defendants cited to *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (5th Cir. 2005) and *Ridings v. Riverside Med. Ctr.*, No. 05-CV-2134, 2007 WL 924020, at *2 (C.D. Ill. March 26, 2007) for the proposition that "electronic document processing costs generally are recoverable."  *See Fidelity's Reply Brief* at 49. Docket #41, Nos. 07-3605, 08-1224 (7th Cir. May 12, 2008) (attached to Gyandoh Decl. as Exhibit E).  This representation is disingenuous as *BDT* involved the scanning and imaging of hard copy documents and *Ridings* involved the processing of e-mail accounts into a searchable form in order for defendants to "search the accounts requested by Plaintiff using the search terms agreed upon by the parties."  *See BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d at 420; *Ridings v. Riverside Med. Ctr.*, 2007 WL 924020, at *2.

Defendants argued that the costs were recoverable because the "'initial' processing charges [were] for downloading and [the] 'final' processing charges [were] for converting to reviewable and producible format that included metadata specifically requested by plaintiffs."  *Fidelity's Reply Brief* at 49. Defendants also argued that "these functions were no different in substance from the scanning of paper documents into producible documents."  *Id.*  Plaintiffs failed to challenge defendants using any of the law discussed in this memo.  Plaintiffs also did not adequately distinguish scanning of documents for the purposes of electronic production from processing of documents for the purposes of document review in a discovery database.

original) (noting that "these efforts were the first steps to creating a database that would facilitate discovery"). Unlike cases where costs had been awarded, the *Fells* defendant was not merely converting paper documents into electronic documents,[12] or even converting existing documents into a discoverable format,[13] but rather, was creating searchable documents. *Id.*; *see also, Windy City Innovations, LLC v. Am. Online, Inc.*, No. 04-CV-4240, 2006 WL 2224057, at *4 (N.D. Ill. July 31, 2006) (denying costs associated with the conversion of files "into a format that allowed for easier searching capabilities" where the opposing party did not request "that these documents be converted into any particular format").

Here, the majority of Defendants' expenses concern "processing collected electronic date [sic] to extract embedded text and metadata for electronic discovery review database" (over $410,000), converting electronic documents into searchable TIFF files (over $210,000), and storing the discovery database (over $240,000). *See* Exhibit F to the Declaration of Charles C. Jackson. Defendants' actions plainly involve the *creation* of new searchable documents rather than the reproduction of *existing* electronic documents as discussed in *Fells* and *Windy City*. As detailed in the accompanying Gyandoh Decl., only $159,268.27 of the $1.4 million plus of Defendants' "document production" costs are thus taxable. *See* Excel Spread Sheet, attached as Exhibit B to Gyandoh Decl.; *see also* Exhibit C (explaining why costs are not taxable). Thus, Defendants' actions cannot be deemed to be "exemplification" or "copying" under §1920(4).

Moreover, because Defendants' expenses revolved around the creation of a searchable database of files and were incurred largely for their own convenience in reviewing the

---

[12] *See, e.g.*, *Brown v. McGraw-Hill Cos.*, 526 F. Supp. 2d 950, 959 (N.D. Iowa 2007) (finding that "the electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,' and, therefore, can be taxed pursuant to § 1920(4)").

[13] *See, e.g.*, *Hecker v. Deere & Co.*, 556 F.3d at 591.

documents for production, these expenses were not necessary for the maintenance of the case.[14]

Expenses incurred for convenience are non-taxable. *See Irwin Seating Co. v. IBM*, No. 04-CV-0568, 2008 WL 1869055, at *3 (W.D. Mich. Apr. 24, 2008) (denying costs for scanning documents "because these steps would be for [the defendant]'s convenience rather than a necessity for maintenance of the case"); *Zeidler v. A & W Rest., Inc.*, No. 99-CV-2591, 2001 WL 561367, at *1 (N.D. Ill. May 21, 2001) (Kennelly, J.) (holding that electronic copies of depositions were not taxable because they were for the convenience of counsel).[15]

In short, the vast majority of expenses relating to electronic discovery are not costs that are taxable as "exemplification" or "copying" under § 1920(4). These non-taxable costs amount to **$1,269,426.45**. *See* Ex. B to Gyandoh Decl. These costs should be denied.

## B. Trial Transcripts

Defendants improperly seek an award in the amount of $14,306.55 for the costs of hourly and daily trial transcripts. In particular, Defendants seek to recover the costs of the original hourly trial transcripts as well as two copies of each transcript. Additionally, Defendants seek costs for a second copy of the daily trial transcripts. Local Rule 54.1 provides that only the cost of the original transcript and one copy, where needed by counsel, shall be

---

[14] *See* Defs' Mem. at 12-15 ("Defendants utilized electronic processing to narrow the material to be reviewed by attorneys"; "De-duplication of the set saved crucial review time"; "Keyword and date searches further limited the set"; "Once in a database, it provided attorneys with a means of reviewing documents for substantive fielded information": "In some cases, it provided enough information for the reviewer to immediately and accurately determine the document's responsiveness and privilege").

[15] As in *Windy City*, Defendants incurred costs for a database which "perform[s] the work an attorney, paralegal or law clerk would have to perform in its absence" and thus, these expenses "are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit' that are recoverable in a bill of costs." *See* 2006 WL 2224057, at *3 (citations omitted). Here, Defendants should not be awarded costs for expensive and unnecessary steps undertaken primarily, if not purely, for their own convenience and benefit.

allowed.  *See Bloch v. Frishholz*, No. 06-CV-4472, 2008 WL 4889091, at *2 (N.D. Ill. June 26,

2008);  *Gray v. Burke*, No. 05-CV-0059, 2007 WL 3334201, at *3 (N.D. Ill. Nov. 9, 2007);

*Higbee v. Sentry Ins. Co.*, No. 97-CV-1349, 2004 WL 1323633, at *1 (N.D. Ill. June 11, 2004)

(Kennelly, J.); *Glenayre Elecs., Inc. v. Jackson*, No. 02-CV-0256, 2003 WL 21947112, at *1

(N.D. Ill. Aug. 8, 2003).  As such, an award of costs for trial transcripts should be reduced by

**$4,550.40** in order to reflect only the costs of the original transcripts and the first copy of each.

### C.  Documents Used in Deposition Preparation

Defendants improperly seek an award in the amount of $31,293.56 for the costs of

copying documents necessary for deposition preparation.  Defendants have failed to demonstrate

that production of multiple copies was for purposes other than the convenience of counsel.[16]

Accordingly, an award of costs for deposition preparation must be limited to the costs of

producing single copies of the necessary documents.  Moreover, Defendants' invoices lack

information concerning the nature of the documents and how the copies were used.  As such,

costs for photocopying should be denied.  *See Glenayre Elecs., Inc.*, 2003 WL 21947112, at *4

(denying costs for photocopying where party's invoices were not sufficiently detailed to allow

the court to determine whether photocopies were necessary to the case"); *American Auto.*

*Accessories v. Fishman*, 991 F. Supp. 995, 998 (N.D. Ill. 1998) (denying photocopying costs

where invoices lacked sufficient detail for the court to determine their necessity). The amount of

**$31,293.56** should be deducted from Defendants' Bill of Costs.

---

[16] *See Valmet Paper Mach. v. Beloit Corp.*, No. 93-CV-0587, 1995 WL 661241, at *1 (W.D. Wis. Aug. 15, 1995) (finding defendant's photocopies in connection with deposition preparation to be necessary to the case); *Riley v. UOP, LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003) (noting that "charges for copies made solely for attorney convenience cannot" be recovered).

### D. Demonstrative Trial Exhibits

Defendants improperly seek an award in the amount of $50,717.91 for the cost of five demonstrative trial exhibits.  Notably, Defendants seek costs associated with the production of two trial exhibits which were never actually used at trial because of *motion in limine* rulings. These two trial exhibits cannot be deemed to be "necessary" within the meaning of § 1920 as they were not, and could not, be used at trial.[17]

Moreover, Defendants' invoice in the amount of $7,501.34 lacks sufficient information to determine whether the expenses are properly reimbursable.  The invoice for the "Power Point Presentation to rebut expert witness Vollmar's testimony" merely states the total amount billed and fails to explain what costs made up that total, and thus, must be denied.  *See Interclaim Holdings, Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, No. 00-CV-7620, 2004 WL 557388, at *2-3 (N.D. Ill. Mar. 22, 2004)(denying duplication costs because invoices lacked the detail for the court to determine their necessity; allowing costs for trial exhibits because invoices provided substantial details); *Glenayre Elecs., Inc.*, 2003 WL 21947112, at *4 (denying costs for photocopying where party's invoices were not sufficiently detailed to allow the court to determine whether photocopies were necessary to the case"); *American Auto. Accessories*, 991 F. Supp. at 998 (denying photocopying costs where invoices lacked sufficient detail for the court to determine their necessity).  Therefore, the requested costs must be reduced by **$16,433.84.**

---

[17] *See Haberman v. Gerber Prods. Co.*, No. 05-CV-0224, 2006 WL 5893296, at *1 (W.D. Wis. July 26, 2006) (noting that "[a]lthough copies of documents might very well be necessary for use in case preparation even though they are not physically used at trial, the same can hardly be said of demonstrative exhibits whose only purpose is for presentation of evidence at trial"); *Pactiv Corp. v. S.C. Johnson & Son, Inc.*, No. 98-CV-2679, 2001 U.S. Dist. LEXIS 3085, at *13-14 (N.D. Ill. Mar. 12, 2001) (Kennelly, J.) (holding that defendants' "extra-early preparation of trial exhibits" was not "necessary" because the case did not proceed to trial and the exhibits consequentially were not used).

III.    **Shared Electronic Discovery With Securities Action**

Defendants appear improperly to seek electronic discovery costs which were jointly incurred as part of the related securities case presently against Defendants, *Makor Issues & Rights, LTD et al., v. Tellabs, Inc., et al.,* No. 02-CV-4356 (N.D. Ill.).  While Defendants do not seek "costs in the ERISA case for materials that were attributable only to the securities case," Defendants fail to properly address costs which are attributable to both cases.  *See* Exhibit A to Declaration of Charles C. Jackson at 3.  For example, Defendants seek costs for "Custom Setup (INCLUDES SIDLEY AUSTIN)[18]" in the amount of $4,500.00.  *See* Ex. C to Gyandoh Decl. at p. 6 (6/26/08 entry).  If this court were to award Defendants the full amount of e-discovery costs, Plaintiffs would unjustly bear the financial burden of discovery in both cases.  As such, any award for costs stemming from the overlapping electronic discovery efforts must be appropriately partitioned between the ERISA and securities cases.

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court decline to award costs to Defendants under either FED. R. CIV. P. Rule 54 or Section 1132(g) of ERISA because Plaintiffs' action was not frivolous, was substantially justified, and was not designed to harass the defendants.  Should the Court nevertheless make such an award, Plaintiffs request that the Court reduce the taxable expenses by **$1,321,704.25** to **$250,522.39** in taxable expenses as explained herein.  *See also,* Exs. B and C to Gyandoh Decl.

---

[18] Sidley Austin LLP is counsel to Tellabs and other individual defendants in the securities litigation.

Dated: July 28, 2009                    Respectfully submitted,

                                    **BARROWAY TOPAZ KESSLER**
                                    **MELTZER & CHECK, LLP**

By:    /s/ Peter A. Muhic
      Edward W. Ciolko, Esq.
      Mark K. Gyandoh, Esq.
      Peter A. Muhic, Esq.
      Donna Siegel Moffa, Esq.
      280 King of Prussia Road
      Radnor, PA 19087
      (610) 667-7706

**Harwood Feffer LLP**
Robert I. Harwood, Esq.
Matthew M. Houston, Esq.
488 Madison Avenue
New York, NY 10022
(212) 935-7400

**The Weiser Law Firm P.C.**
Robert B. Weiser, Esq.
Brett D. Stecker, Esq.
Debra S. Goodman
121 North Wayne Avenue
Suite 100
Wayne, PA 19087
(610) 225-2677

**ERISA Counsel for Plaintiffs**

**Lasky & Rifkind, Ltd.**
Norman Rifkind, Esq.
Leigh R. Lasky, Esq.
350 N. LaSalle Street
Suite 1320
Chicago, IL 60610
(312) 634-0057

**Liaison ERISA Counsel for Plaintiffs**

16

## **CERTIFICATE OF SERVICE**

I, Peter A. Muhic, one of the attorneys for Plaintiffs, hereby certify that on July 28, 2009, I electronically filed the foregoing, and its attachments, with the Clerk of the Court using the court's Electronic Case Filing System, which will send notification of such filing to the following:

        Deborah S. Davidson
        Charles Clark Jackson
        Amy Marie Foran
        Julia Y. Trankiem
        Kirsten Milton Evans
        Sari M. Alamuddin
        Morgan Lewis & Bockius, LLP
        77 West Wacker Drive
        5th Floor
        Chicago, IL 60601

                /s/ Peter A. Muhic
                Peter A. Muhic