UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DON BRIEGER, ROBERT BECKER, ALAN BURSTIN, HARRY SCHULTZ, And PAULA MITCHELL Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TELLABS, INC., et al.,<br><br>Defendants. | Case No. 1:06-cv-1882<br><br>Judge Matthew F. Kennelly |

## DECLARATION OF MARK K. GYANDOH

I, Mark K. Gyandoh, declare that:

1. I am an attorney with the law firm of Barroway Topaz Kessler Meltzer & Check, LLP ("BTKMC"), one of the law firms appointed to serve as ERISA Counsel in this matter.

2. I make this Declaration in Support of Plaintiffs' Memorandum in Opposition to Defendants' Bill of Costs to place before the Court certain documents and information referred to in Plaintiffs' Memorandum. This declaration is based on personal knowledge and I am competent to testify to the matters set forth herein.

3. Attached hereto as Exhibit A is a true and correct copy of a Transcript from the Hearing on Defendants' Motion to Dismiss Plaintiffs' Complaint held on September 22, 2006.

4. Attached hereto as Exhibit B is an Excel Spread Sheet created by counsel for Plaintiffs that analyzes Defendants' proposed exemplification costs for harvesting and

producing discovery through electronic processing as described in Exhibit F to the Declaration of Charles C. Jackson in support of Defendants' Bill of Costs. The Spreadsheet separates the costs into columns identifying (1) the date of the cost, (2) the vendor providing the service that resulted in the cost, (3) a description of the cost, (4) whether the cost is taxable, (5) whether the cost is non-taxable, (6) if it is uncertain whether the cost is taxable or not, (7) the total amount sought, and (8) the amount of costs not billed.

5.	In reviewing Defendants' Exhibit F, certain invoices could not be reconciled with the amount sought by Defendants for these invoices. For instance, Plaintiffs were unable to reconcile the July 24, 2008, August 28, 2008, and September 29, 2008 invoices. These discrepancies are highlighted on Exhibit B.

6.	Per the attached Exhibit B, $1,200,581.64 of Defendants' requested costs are non-taxable, $68,844.81 fall in the "uncertain" category, and only **$159,268.27** fall in the taxable category.

7.	Attached hereto as Exhibit C is a chart created by counsel for Plaintiffs which corresponds to Exhibit B and explains how Plaintiffs' counsel determined whether costs detailed in Exhibit B are "taxable," "non-taxable," or "uncertain."

8.	Attached hereto as Exhibit D is a true and correct copy of the Joint Consolidated Brief of Plaintiffs-Appellants, Dennis Hecker, Jonna Duane and Janice Riggins, *Hecker v. Deere*, Docket #10, Nos. 07-3605, 08-1224 (7th Cir. Mar. 7, 2008).

9.	Attached hereto as Exhibit E is a true and correct copy of the Brief of Defendants-Appellees Fidelity Management Trust Company and Fidelity Management &

Research Company, *Hecker v. Deere*, Docket #41, Nos. 07-3605, 08-1224 (7th Cir. May 12, 2008).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 28, 2009

_____
Mark K. Gyandoh