# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON BRIEGER, ROBERT BECKER, ALAN BURSTIN, HARRY SCHULTZ, and PAULA MITCHELL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>TELLABS, INC., et al.,<br><br>Defendants. | Case No. 1:06-cv-1882<br><br>Judge Matthew F. Kennelly |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANTS' BILL OF COSTS**

**BARROWAY TOPAZ KESSLER,
MELTZER & CHECK, LLP**
Edward W. Ciolko
Peter A. Muhic
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: (610) 667-7706

**HARWOOD FEFFER LLP**
Robert I. Harwood
Matthew M. Houston
488 Madison Avenue
New York, NY 10022
Telephone: (212) 935-7400

**THE WEISER LAW FIRM P.C.**
Robert B. Weiser
Brett D. Stecker
Debra S. Goodman
121 North Wayne Avenue, Suite 100
Wayne, PA 19087
Telephone: (610) 225-2677

*Counsel for Plaintiffs*

**LASKY & RIFKIND, LTD**
Leigh R. Lasky, Esq.
Norman Rifkind, Esq.
350 North LaSalle Street, Suite 1320
Chicago, Illinois 60610
Telephone: (312) 634-0057

*Liaison Counsel for Plaintiffs*

Plaintiffs Don Brieger, Robert Becker, Alan Burstin, Harry Schultz, and Paula Mitchell ("Plaintiffs"), through their undersigned counsel, respectfully submit this sur-reply memorandum in opposition to Defendants' bill of costs ("Bill of Costs") and in direct response to certain subject matters raised for the first time in Defendants' Reply Memorandum of Law in Support of their Bill of Costs ("Defs' Reply Mem." or "Defendants' Reply Memorandum.").

## ARGUMENT

### I. There Is *No* Support for Defendants' Proposition that ERISA § 502(g)(1), 29 U.S.C. 1132(g)(1) Is Inapplicable to Class Actions

Defendants' opening memorandum in support of their Bill of Costs contained no discussion of ERISA's cost-shifting provision, which specifically states "[i]n any action under this title . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Plaintiffs maintain that it is this provision rather than FED. R. CIV. P. 54(d)(1) ("Rule 54") that should control any award of costs to Defendants in this case. *See* Plaintiffs' Memorandum in Opposition to Defendants' Bill of Costs ("Plaintiffs' Memo") at 2-4. In attempting to refute Plaintiffs' position Defendants grossly misconstrue the Seventh Circuit's ruling in *White v. Sunstrand Corp.*, 256 F.3d 580 (7th Cir. 2001) as somehow supporting the view that § 1132(g)(1) does not apply when a case is brought as a class action. Defs' Reply Mem. at 4-5. This new argument was neither raised by Defendants in their opening brief nor addressed in Plaintiffs' Memo.

In citing *White*, Defendants claim that the Seventh Circuit "not only recognized the unfairness of requiring prevailing defendants to bear costs [in ERISA class actions], but also noted that in many circumstances the costs of the losing party are borne by the lawyers who prosecuted the Rule 23 class action." Defs' Reply Mem. at 5. *White* stands for no such broad proposition.

The central issue in *White* was the plaintiffs' challenge to the district court's award of costs pursuant to Rule 54. *White*, 256 F.3d at 585-6. Specifically, the plaintiffs challenged the court's determination that the eight class representatives would be jointly and severally liable for the cost award. *Id.* at 585. Plaintiffs petitioned the court to expand liability to the entire class and to hold each class member individually liable for their respective proportion of the cost award. *Id.* The "shifting [of] the costs to the pension plan" to which the court referred was not a reference to a cost-shifting statute like § 1132(g), but rather, was the inevitable burden that would come from shifting the costs to the entire class. *Id.* Because holding the entire class individually liable "would not be collectable … because execution would not be lawful," the court reasoned that plaintiffs' proposal would effectively mean that "the defendants must bear most of their own costs." *Id.*

Importantly, the *White* plaintiffs never suggested that § 1132(g)(1) controlled the award of costs in ERISA cases. Indeed, neither the district court (*White v. Sundstrand Corp.*, No. 98-CV-50070, 2000 WL 1576319 (N.D. Ill. October 19, 2000)), nor the Seventh Circuit addressed whether § 1132(g)(1) trumps the application of Rule 54. It is therefore incorrect to construe *White* as preventing the shifting of costs pursuant to § 1132(g)(1) in ERISA class actions.

Further, Defendants' contention that "of all the cases considering fees or costs under Section 502(g) that plaintiffs cite, only two are Rule 23 certified class actions, neither of which was within the Seventh Circuit" is of no moment. Defs' Reply Mem. at 4. To the contrary, decisions within and outside the Seventh Circuit have applied § 1132(g)(1) without hesitation in class actions. *See, e.g., Howell v. Motorola, Inc.*, Docket No. 203, No. 03-CV-5044. (N.D. Ill. March 12, 2007) (applying § 1132(g)(1) in denying an award of costs in an ERISA class action); *Holdeman v. Devine*, No. 02-CV-0365, 2006 WL 1049104 (D. Utah April 19, 2006) (same);

*Glennie v. Abitibi-Price Corp.*, No. 94-CV-0025, 1996 WL 495573 (W.D. Mich. June 07, 1996) (same).

### II. There Is *No* Support for Defendants' Proposition that § 1132(g)(1) Applies Only to Requests for Attorneys' Fees and Non-Taxable Costs

Defendants make the puzzling argument that the language of § 1132(g) does not "provide otherwise" from Rule 54; that is, because § 1132(g)'s language is broader than that of Rule 54 (*i.e.* § 1132(g) provides for award of costs – not just limited to taxable costs- *and* attorneys' fees whereas Rule 54 only provides for costs) § 1132(g) only concerns non-taxable costs. Defs' Reply Mem. at 3. Defendants raise this argument for the first time in their Reply Memorandum and consequently it is also not addressed in Plaintiffs' Memo. There is absolutely no support for this proposition.

While failing to acknowledge that § 1132(g) specifically refers to "costs" (without differentiation between taxable and non-taxable costs) Defendants cite to *Armstrong v. Amsted Industries, Inc.*, No. 01-CV-2963, 2004 WL 2480998 (N.D. Ill. Nov. 3, 2004) in support of their position. Defs' Reply Mem. at 3. However, there is no analysis in *Armstrong* to justify why the clear language of § 1132(g) does not apply to taxable costs. In evaluating a bill of costs brought by defendants, the *Armstrong* court simply asked, "[a]re, then, costs excepted from the normal operation of Federal Rule of Civil Procedure 54 ... because they are within the 'express provision' of a federal statute, namely 28 U.S.C. § 1132(g)(1)? We think not." 2004 WL 2480998 at *1. The *Armstrong* court's cursory discussion failed to mention the Seventh Circuit's holding in *Nichol v. Pullman Standard, Inc.* 889 F.2d 115, 121 (7th Cir. 1989) (holding that § 1132(g)(1) included an "express provision" governing the award of costs, and thus overrode the standard Rule 54(d) approach) and gave short shrift to the decision in *Teumer v. General Motors Corp.*, No. 92-CV-1855, 1994 WL 48581 (N.D. Ill. Feb 14, 1994) ("Rule 54(d)

does not control here [because] ERISA has its own 'express provision' for costs."). *Armstrong*, 2004 WL 2480998 at *1. In reaching its conclusion, the court seemingly relied upon the absence of any "legislative history that suggests that Congress intended to single out costs for special treatment under ERISA," but ignored the plain language of both Rule 54 and § 1132(g). *Id.*

Moreover, the other newly cited cases Defendants rely on in their Reply Memorandum are similarly unpersuasive. Defendants cite *Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering, Inc.*, No. 03-CV-6867, 2008 WL 728897 (N.D. Ill. March 18, 2008) and *Land v. Bartlow Brothers, Inc.*, No. 06-CV-3278, 2008 WL 2078045 (C.D. Ill. May 15, 2008) for the proposition that courts distinguish between attorney fees and non-taxable costs under ERISA § 502(g), and taxable costs pursuant to Rule 54. Defs' Reply Mem. at fn. 3. However, neither case in fact supports this proposition. First, not only is *Trustees* easily distinguishable from the *Tellabs* matter because different cost-shifting provisions are at issue (§ 1132(g)(2) vs. § 1132(g)(1)), but also, and significantly, the *Trustees* court never determined that Rule 54 controlled the award of taxable costs. In fact, the defendants in *Trustees* never challenged the proper source of authority for an award of taxable costs. *See* Defendant's Objections to Plaintiff's Request for Costs, Docket No. 107, No. 03-CV-6867 (N.D. Ill. Sept. 27, 2007) (challenging specific costs as non-taxable under Rule 54 and 28 U.S.C. § 1920, but making no mention of § 1132(g) in relation to taxable costs) (attached hereto as Exhibit "1"). The *Trustees* court simply applied Rule 54 and analyzed the requested costs under § 1920. *See* Memorandum Opinion and Order, Docket No. 131, No. 03-CV-6867 (N.D. Ill. Nov. 15, 2007) (ordering that plaintiff's bill of costs is granted in part and denied in part) (attached hereto as Exhibit "2").

Further, *Land* is an anomaly and similarly does not support Defendants. In *Land*, the defendants were granted summary judgment, and subsequently petitioned the court for "an award of costs as well as attorney's fees pursuant to § 1132(g), [ERISA §502(g)]." 2008 WL 2078045. The plaintiff argued that under the discretionary standard of § 1132(g)(1) attorneys' fees and costs should not be awarded. *See* Plaintiff's Memorandum Of Law In Support of Objection/Response to Defendants' Motion for Costs and Attorneys Fees, Docket No. 33, No. 06-CV-3278 (C.D. Ill. May 12, 2008) (attached hereto as Exhibit "3"). The court indicated that it "does not believe that [plaintiff]'s position lacked substantial justification." *Land*, 2008 WL 2078045, at * 1. Thus, the court concluded that "an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1) is not appropriate, and the Motion for Bill of Costs and Attorney's Fees is denied in this respect." *Id.* The court then curiously proceeded to address the award of costs under Rule 54. *See id.* at *2. Without discussing how costs could be explicitly denied under ERISA § 1132(g)(1), but then awarded under Rule 54, the court entered an award of $949.82 in costs for defendants under Rule 54. *See id.* In so doing, the court did not engage in any instructive analysis of how the two contradictory findings on the issue of costs could be reconciled. Nor did it address the explicit "unless a federal statute, these rules, or a court order provides otherwise" language in Rule 54. Plaintiffs are aware of no other case, in *any* jurisdiction, which lends support to the notion that costs can be expressly denied under § 1132(g)(1) and then granted under Rule 54.

### III. Plaintiffs Should Not Be Compelled to Share the Costs Associated with Electronic Discovery.

Defendants present yet another new argument, specifically, that "given the expense and burden associated with the electronic discovery process, defendants would have been well within their rights to seek cost-sharing form plaintiffs." Defs' Reply Mem. at 10. The explanation

Defendants give for their failure to seek cost-sharing during discovery, when it would have been most appropriate, is that they purportedly elected to bear the costs for the sake of moving forward on a very tight schedule. *Id.* Thus, by implication, Defendants now raise a belated argument for "cost-sharing."

However, if "cost-sharing" is the basis Defendants want to use to recover costs from Plaintiffs, Defendants should have come forward earlier to seek a protective order. *See, e.g., Cason-Merenda v. Detroit Med. Ctr.*, No. 06-CV15601, 2008 WL 2714239 (E.D. Mich. July 7, 2008) (finding that Rule 26(b)(2)(B) and 26(c) "plainly contemplate that a motion for protective relief (including cost shifting) is to be brought before the court *in advance* of the undue burden, cost or expense from which protection is sought."); *United States v. Int'l Business Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) ("motions [for protective orders] under Rule 26(c) must be served before the date set for production") (citing 8 C. Wright & A. Miller, Federal Practice And Procedure § 2035 (1970)); *Phillips Petroleum Co. v. Pickens*, 105 F.R.D. 545, 550 (N.D. Tex. 1985) ("A motion for protection under Rule 26(c) must be made before the discovery sought is scheduled or at least during the discovery. The rule does not allow post-discovery motions for protection if there was an opportunity to move for a protective order before the discovery took place."); *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 129 F.R.D. 483, (D.N.J.,1990) (holding that defendant's motion for a protective order must be denied as untimely because defendant had waited two months after the discovery due date to file their motion). It is simply too late to seek cost-sharing at this stage.

Further, even if Defendants had sought cost-sharing during discovery, it would not have been warranted. "[T]he general presumption in discovery is that the responding party must bear the expense of complying with discovery requests." *Wiginton v. CB Richard Ellis, Inc.*, 229

F.R.D. 568, 571-572 (N.D. Ill. 2004) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978)). While the presumption remains that the responding party is to bear the costs, the responding party may nonetheless demonstrate that costs should be shifted though evidence that is persuasive under factors such as those set out in *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003). *See Wiginton*, 229 F.R.D. at 573 (citing *Zubulake*, 217 F.R.D. at 322).

Recently, in *Beesley v. International Paper Company*, Docket No. 215, No. 06-703 (S.D. Ill. July 21, 2008), the court addressed the defendants' motion for cost-sharing in discovery within the context of a protective order. Specifically, defendants requested that plaintiffs be compelled to share the $150,000 cost of "imaging of paper documents, imaging and searching hard drives of [] computers ... and searching defendant's electronically stored information using search terms chosen by plaintiff." *Beesley*, Docket No. 215, No. 06-703. This is exactly what Defendants did in Tellabs. The *Beesley* court applied the factors from *Zubulake* and found that it was not "appropriate to shift the costs of complying with plaintiff's requests for production." *Id*. The court found the following factors to weigh in favor of denying defendants' motion:

> (1) it is more likely that critical information will be derived from searching defendant's files (electronic and physical) rather than other sources; (2) key information is in the possession of defendant; (3) [d]efendant has superior resources and superior ability to control costs; and (4) defendant undertook the search and production using a vendor of its own choosing without input from plaintiff regarding costs.

*Id*. Just as in *Beesley*, Defendants here undertook the search and production of documents using a vendor of their own choosing, had the superior ability to control the costs of discovery, and possessed the documents and files containing information critical to the case. As such, any shifting of costs here would not have been appropriate.

Moreover, Defendants overstate the significance of Plaintiffs' so-called "pressing" for discovery, as it does not factor into the cost-sharing analysis at all. Defs' Reply Mem. at fn. 5. This case was large, complex, and required a significant amount of discovery. Significantly, however, Plaintiffs actually took steps to reduce the amount of discovery Defendants could have been required to produce. For instance, at the outset of this case, Plaintiffs agreed to bifurcate discovery into an "ERISA" phase and a "merits" phase, pending the outcome of the motion to dismiss filed by Defendants. This arrangement was specifically designed to spare Defendants the cost of producing merits-related discovery if the case was dismissed on Defendants' motion.

Additionally, in late April 2008, several attorneys for Plaintiffs – at their expense – traveled to Tellabs' headquarters in Naperville, Illinois to review relevant documents contained in 200 boxes (the "Naperville Documents") over a two-day period, in order to potentially spare Tellabs the expense of copying and producing all these documents in the event that Plaintiffs did not want all the Naperville Documents. In the Parties' joint supplemental submission to the Court in support of the joint motion to extend the discovery deadline filed on April 17, 2008, the Parties stated that upon review of the Naperville Documents, "Plaintiffs will request that some or all of the documents be copied for coding, extensive individual review and analysis." Ultimately, Plaintiffs did not request production of any of the Naperville Documents they reviewed, which undoubtedly resulted in significant cost savings to Defendants.

Further, Plaintiffs worked with Defendants to limit the number of depositions taken in this case. As an indication of the reasonableness of Plaintiffs' position, at the October 7, 2008 hearing regarding Plaintiffs' motion to allow Plaintiffs to take more than 10 depositions, the Court remarked that "certainly there are cases, and this may be one of them, you know, where

people, you know, do 30, 40 and even 50 depositions." October 7, 2008 Hearing Tr. at P. 10; lines 8-10.

Thus, in light of the discovery that actually took place in this case, Plaintiffs demonstrated their willingness to work with Defendants to control the costs.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Bill of Costs.

Dated: August 19, 2009

Respectfully submitted,

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**

By: ___/s/ Peter A. Muhic___
Edward W. Ciolko, Esq.
Mark K. Gyandoh, Esq.
Peter A. Muhic, Esq.
Donna Siegel Moffa, Esq.
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

**Harwood Feffer LLP**
Robert I. Harwood, Esq.
Matthew M. Houston, Esq.
488 Madison Avenue
New York, NY 10022
(212) 935-7400

**The Weiser Law Firm P.C.**
Robert B. Weiser, Esq.
Brett D. Stecker, Esq.
Debra S. Goodman
121 North Wayne Avenue
Suite 100
Wayne, PA 19087
(610) 225-2677

**ERISA Counsel for Plaintiffs**

**Lasky & Rifkind, Ltd.**
Norman Rifkind, Esq.
Leigh R. Lasky, Esq.
350 N. LaSalle Street
Suite 1320
Chicago, IL 60610
(312) 634-0057

**Liaison ERISA Counsel for Plaintiffs**