IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DON BRIEGER, HARRY SCHULTZ, ROBERT BECKER, and ALAN BURSTIN, individually and on behalf of all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 06 C 1882 |
| TELLABS, INC., TELLABS OPERATIONS, INC., RICHARD C. NOTEBAERT, MICHAEL J. BIRCK, BRIAN J. JACKMAN, DEBRA RAGUSA, MICHAEL C. SMILEY, and JOAN E. RYAN, ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs Don Brieger, Harry Schultz, Robert Becker, and Alan Burstin, on behalf of themselves and a certified class, sued defendants Tellabs, Inc., Tellabs Operations, Inc., Richard C. Notebaert, Michael J. Birck, Brian J. Jackman, Debra Ragusa, Michael C. Smiley, and Joan E. Ryan for alleged breaches of fiduciary duties under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1109 & 1132. The Court found in favor of defendants on all of plaintiffs' claims. *See Brieger v. Tellabs, Inc.*, --- F. Supp. 2d ---, 2009 WL 1835930 (N.D. Ill. June 26, 2009).

Following entry of judgment, defendants submitted a bill of costs, contending they are entitled to taxable costs pursuant to Federal Rule of Civil Procedure 54(d). Plaintiffs respond that Rule 54(d) is inapplicable because a specific provision of ERISA

controls whether defendants are entitled to recover costs in this case, 29 U.S.C. § 1132(g)(1). For the following reasons, the Court denies defendants' request for costs.

## Discussion

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party . . . ." Fed. R. Civ. P. 54(d)(1). The Seventh Circuit has stated that "ERISA includes such an express provision." *Nichol v. Pullman Standard, Inc.*, 889 F.2d 115, 121 (7th Cir. 1989). Specifically, ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Under section 1132(g)(1), this Court has discretion to determine whether defendants should be awarded costs. *Nichol*, 889 F.2d at 121 (stating that declining "to award attorneys' fees and costs to ERISA defendants, even prevailing defendants, would rarely constitute an abuse of discretion") (internal quotation marks omitted).

Defendants contend that "[t]he language of Section [1132(g)(1)] does not 'provide otherwise'" with in the meaning of Rule 54(d). Defs.' Reply in Support of Bill of Costs at 3. That contention is contrary to the plain language of both section 1132(g)(1) and Rule 54(d)(1). *See, e.g.*, *Keach v. U.S. Trust Co.*, 338 F. Supp. 2d 931, 934 (C.D. Ill. 2004); *Harley v. Minnesota Mining & Mfg. Co.*, No. Civ. 4-96-488, 2003 WL 22283345, at *1 (D. Minn. Sept. 23, 2003) ("Although 3M insists that ERISA does not supersede Fed. R. Civ. P. 54(d)(1), the plain language of the Rule indicates that the specific statutory provision for a cost award in ERISA displaces the general rule allowing costs as a matter of course."); *Lessard v. Applied Risk Mgmt., Inc.*, No. C-99-3371, 2001 WL

34033100, at *7 (N.D. Cal. May 22, 2001) (holding section 1132(g)(1) "trumps Rule 54(d)'s presumption in favor of an award of costs for the prevailing party").[1] It is also contrary to the Seventh Circuit's express holding in *Nichol*. Defendants attempt to distinguish *Nichol* by pointing out that it was a single-plaintiff case, unlike the broad class certified in the instant case. That difference, however, has nothing to do with the relationship between section 1132(g) and Rule 54. Defendants also attempt to portray *Nichol* as only applying a request for attorney's fees, not costs.[2] That contention fails. In *Nichol*, the Seventh Circuit did not differentiate between the two; rather, it mentioned both "fees and costs" in the context of section 1132(g)(1) six separate times. *See Nichol*, 889 F.2d at 121-22 & n.11. Finally, defendants contend that *Nichol* is distinguishable because it was decided under a prior version of Rule 54(d) and that the relevant language in the rule has been amended. That Rule 54(d) was amended is irrelevant because the amendment defendants cite was "intended to be stylistic only." Fed. R. Civ. P. 54 advisory committee's notes (2007).

Defendants also rely on two Seventh Circuit decisions, decided after *Nichol*, affirming awards of costs in ERISA cases pursuant to Rule 54(d). *See Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009); *White v. Sundstrand Corp.*, 256 F.3d 580,

---

[1]One case cited by defendants, *Armstrong v. Amsted Industries, Inc.*, No. 01 C 2963, 2004 WL 2480998, at *1 (N.D. Ill. Nov. 3, 2004), reaches the opposite conclusion based on the absence of any legislative history indicating that Congress intended for section 1132(g) to displace Rule 54(d) in ERISA actions. The Court declines to adopt *Armstrong*'s reasoning because, regardless of what the legislative history might indicate, the plain language of Rule 54(d) and section 1132(g) command otherwise.

[2]Though section 1132(g)(1) permits a party seek attorney's fees, defendants have chosen not to seek fees in this case.

3

585-86 (7th Cir. 2001). Neither of those cases mentions section 1132(g). Defendants contend a finding that section 1132(g) supplants Rule 54(d) would be contrary to *Hecker* and *White* and would imply that the Seventh Circuit decided those cases incorrectly. The Court disagrees. It does not appear, from the decisions, that the applicability section 1132(g) was raised by any of the parties in *Hecker* or *White*.[3] Rather, the arguments were confined to Rule 54(d). A finding that section 1132(g) controls an award of costs in ERISA cases does not imply anything about *Hecker* and *White*, because that issue was not before the Seventh Circuit in those cases.

"'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 577, 586 (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)). *Hecker* and *White* say nothing about section 1132(g) or *Nichol*; they merely deal with the issues actually raised by the parties. Nothing in those rulings overturns the holding in *Nichol* or even addresses the implications of section 1132(g). Under these circumstances, it would be inappropriate to disregard the precedent set in *Nichol*. *Cooper Indus., Inc.*, 543 U.S. at 586; *see also Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1026 n.1 (7th Cir. 1998) (noting that precedents of a higher court that have "direct application in a case" remain binding, even where subsequent rulings by the higher court could be read to be inconsistent with some of the reasoning in the case that has direct application).

---

[3]The Court has also examined appellants' brief in *Hecker*, which was available electronically. The appellants did not raise the section 1132(g) - Rule 54(d) issue.

Another case cited by defendants, *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472 (7th Cir. 1998), does not address the relationship between Rule 54(d) and section 1132(g). In *Quinn*, the district court decided the issue of costs and attorney's fees pursuant to Rule 54(d). *Id.* at 475. When the Seventh Circuit reviewed that decision on appeal, it conducted its analysis regarding costs and fees pursuant to section 1132(g). *Id.* at 478-79. Thus *Quinn* does not support defendants, despite their contention to the contrary. The Seventh Circuit did not provide any further illumination regarding Rule 54(d) and section 1132(g) in *Quinn*.

The Seventh Circuit has prescribed two possible tests for evaluating a request for costs or attorney's fees pursuant to section 1132(g). *Nichol*, 889 F.2d at 121. One test examines five factors that encompass concepts such as culpability, equity, and the merits the parties' positions. *Id.* at 121 n.9. The second test considers whether "the loser's position, while rejected by the court, had a solid basis – more than merely not frivolous, but less than meritorious." *Id.* at 121. The five-factor test is geared more towards cases in which the plaintiff succeeds; the "solid basis" test works better when defendants have secured judgment in their favor. *See id.* "Both tests are designed to award costs and fees to the prevailing party where there is reason to believe that the losing party engaged in litigation merely to harass its opponent," and they can be used interchangeably. *Id.* at 121-22.

Applying these concepts to this case, the Court concludes that defendants are not entitled to recover costs. Plaintiffs' claims, though unsuccessful, had sufficient support in fact and law to survive multiple dispositive motions, necessitating a lengthy bench trial and hundreds of pages of post-trial briefing. *See id.* at 122; *Keach*, 338 F.

Supp. 2d at 935. Furthermore, there is no evidence that plaintiffs brought this action to harass defendants. Defendants contend that the fact they succeeded on their statute of limitations defense highlights the infirmity of plaintiffs' case. That defense, however, was successful only after the Court concluded, following trial and after making credibility determinations, that defendants had not engaged in fraudulent conduct, an issue that could not be resolved on summary judgment. Under these circumstances, the Court concludes it is inappropriate, pursuant to section 1132(g), to grant defendants' requests for costs. Plaintiffs' claims "had a solid basis," even though they were ultimately unsuccessful.

Because the Court has concluded, pursuant to section 1132(g), that defendants are not entitled to recover costs, it is unnecessary to examine the specifics of defendants' bill of costs (totaling over $1.5 million).

## Conclusion

For the foregoing reasons, the Court denies defendants' request to recover costs [#262].

Date: August 26, 2009

                                            MATTHEW F. KENNELLY
                                            United States District Judge